IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD JENNINGS,

   Plaintiff,

v.

ERIN STOKES/BUNGARRA LLC,

   Defendant.

Civil Action No.: RDB-22-2860

**MEMORANDUM ORDER**

    Self-represented Plaintiff Donald Jennings filed the above-captioned Complaint along with a Motion for Leave to Proceed *in Forma Pauperis* on November 3, 2022. ECF Nos. 1, 2. For the reasons that follow, the Complaint must be dismissed.

    Jennings alleges that his property was illegally foreclosed upon after a tax delinquency sale and he was subsequently evicted by Defendant Stokes. ECF No. 1 at 6. He claims that Mr. Stokes threatened him, disposed of Jennings' personal property, and interrupted his mail. *Id.* He seeks to have his property and equity in that property returned. *Id.* at 7.

    This Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178

(1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Jennings states that the Court has both federal question and diversity jurisdiction over this claim.  ECF No. 1 at 4.  To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005).  Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Section 1367 does not create an independent cause of action.  Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

Here, Jennings asserts that the federal question at issue is whether Defendant has the proper citizenship to legally foreclose upon his property.  *See* ECF No. 1 at 4.  However, this does not state a claim under a federal statute or the Constitution.  Even liberally construing the Complaint as a challenge to the foreclosure of his property more generally and his subsequent eviction, foreclosure and eviction actions brought under state law do not raise a federal cause of action.  As such, the Complaint does not establish federal question jurisdiction under 28 U.S.C. § 1331.

There is also no basis for diversity jurisdiction in this case. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). As both parties reside in Maryland, there is no diversity between the parties to confer jurisdiction upon the Court.

Without a jurisdictional basis for suit in federal court, Jennings' claim is factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent authority. The federal rules require dismissal anytime there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal jurisdiction.

Additionally, pursuant to local rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions. *See* Local Rule 102.1.b.iii. (D. Md. 2021). On November 3, 2022, a copy of the New Case Notification Letter was mailed to Jennings at the address he provided in his Complaint. ECF No. 3. On November 10, 2022, the mail was returned and marked "vacant unable to forward." ECF No. 4. Jennings has changed his address and no notice has been received from him indicating where he may now be reached. Consequently, dismissal is also appropriate on this ground.

Accordingly, it is this 21st day of November, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Jennings' Motion to Proceed *In Forma Pauperis* (ECF No. 2) IS GRANTED;
2. The Complaint IS DISMISSED without prejudice for lack of subject matter jurisdiction; and

3. The Clerk SHALL MAIL a copy of this Order to Jennings at his last known address and CLOSE this case.

                                                                         /s/
                                        RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE